ARKANSAS SECURITIES DEPARTMENT et al
*v.* ROLLER FUNERAL HOME,
Mountain Home, Arkansas

77-262                                    562 S.W. 2d 611

Opinion delivered March 20, 1978
(In Banc)

*John E. Pruniski, III;* and *Bill Clinton,* Atty. Gen., by: *Nathan M. Norton, Jr.,* Dep. Atty. Gen., for appellants.

*Catlett & Stubblefield,* for appellee.

DARRELL HICKMAN, Justice. The only issue on this appeal concerns the validity of an order issued by the Arkansas Securities Commissioner. The order, which was based on Rule 6 of the Rules of the Arkanuas Securities Department Relating to Prepaid Funeral Expenses, provided that the Roller Funeral Home of Mountain Home, Arkansas, had to revise its contracts regarding prepaid funeral benefits. The contracts had to provide that a buyer had the right to cancel the contract at any time, with or without cause, and withdraw all funds less interest paid into the trust account.

Roller appealed the order to the Pulaski County Circuit Court. The court held the commissioner was in error because there was nothing in the Arkansas statutes which would permit a buyer to cancel without cause such a contract and that the commissioner lacked the authority to make such a rule.

While we believe the commissioner has the authority to promulgate reasonable rules to administer the act, we agree with the circuit court that the statutes do not permit a buyer to cancel a contract without cause. The portion of Rule 6 which is in question reads:

If the withdrawal from the trust account is to be paid upon a cancellation of the agreement by the buyer, the certificate of authority to withdraw the funds shall be issued by the Securities Commissioner upon receipt of a notarized affidavit of the buyer stating his desire to cancel the agreement and requesting the withdrawal from the trust account.

The Securities Commissioner's rule-making authority is founded on statute. Ark. Stat. Ann. § 67-1703 (Repl. 1966). However, that rule-making authority does not give the commissioner authority to make a rule or regulation that is not authorized or is contrary to Arkansas law.

We understand that some flexibility is required in interpreting the act or the death of the beneficiary would be the only event that would allow the withdrawal of trust funds. Ark. Stat. Ann. § 67-1706 (Repl. 1966). However, we can find nothing in the statutes to authorize a rule which would permit a buyer of prepaid funeral benefits to withdraw all the money paid into the trust fund without cause or reason at any time. Therefore, we affirm the decision of the circuit court in reversing the order of the commissioner.

Affirmed.

BYRD, J., not participating.